## 29907. SCREAMER MOUNTAIN DEVELOPMENT, INC. v. GARNER.

NICHOLS, Chief Justice.

In September, 1972, McMurry, McMurry & Garner Construction Company purchased three lots from Screamer Mountain Development, Inc. In July, 1973 the plaintiff, John R. Garner III purchased said lots from McMurry, McMurry & Garner Construction Company. The plaintiff in the present action seeks a refund of the purchase price from Screamer Mountain Development, Inc. under the provisions of Section 20 of the Act of 1972 (Ga. L. 1972, pp. 638, 652; Code Ann. § 84-6118) as well as interest, attorney fees, etc.

The defendant filed a motion to dismiss in which it was alleged that the complaint failed to state a claim. In support of such motion, the defendant contends that the aforesaid Act of 1972 is unconstitutional and that the provisions of such Act do not extend beyond the original purchaser.

1. The Act of 1972, supra, is not subject to the defendant's purported constitutional attacks. Such Act in no way sought to interfere with any existing contracts. The Act, which became effective July 1, 1972 (see Ga. L. 1968, pp. 1364, 1365, as amended; Code Ann. § 102-111), does not violate the constitutional provision which prevents the enactment of legislation impairing the obligations of a contract.

2. The complaint shows that the defendant's corporation was engaged in activities prohibited by the

Georgia Land Sales Act of 1972, supra, in that it was engaged in the sale of more than 150 subdivision lots in a subdivision described as Screamer Mountain, and that the developer had not met the requirements of such Act.

The problem, however, is not that the defendant was allegedly operating in violation of such Act but whether the provisions of Section 20 of such Act (Code Ann. § 84-6118) supra, are applicable to a party who obtains a lot from an original purchaser in such a subdivision so as to permit a recovery from the subdivider by a successor owner.

As was said by the trial court "The statute does not address itself to the specific question of whether or not a subsequent purchaser may avail himself of the benefit of the Act. Nor has any legislative history, appellate decision, rule or regulation of the Secretary of State, or opinion by the Attorney General, shed light on this ultimate question." In overruling the motion to dismiss the trial court relied upon a similar enactment by the State of Florida which specifically defined a purchaser to "be a person who acquires or attempts to acquire or succeeds to an interest in land." Fla. Statutes Ann. § 478.012 (2) (d).

The appellee cites similar statutes from other states which also include in the definition of purchaser those who succeed to an interest in land.

In 1971 the General Assembly adopted the "Out-of-State Land Sales Act." Ga. L. 1971, p. 856 (Code Ann. Ch. 84-58). In that Act the General Assembly expressly defined "purchaser" as "a person who acquires an interest in any lot, parcel or unit in a subdivision." Code Ann. § 84-5801 (5).

The Interstate Land Sales Full Disclosure Act (Public Laws 90-448, 15 USCA § 1701 (9)) provides: " 'Purchaser' means an actual or prospective purchaser or lessee of any lot in a subdivision."

Except as to false statements or misrepresentations (§ 15) (Code Ann. § 84-9985) the provisions of such Act are not applicable to offers or dispositions of an interest in land "by a purchaser of subdivided lands for his own account in a single or isolated transaction." Code Ann. § 84-6102 (a).

When the failure of the General Assembly to expressly include the successor owners of subdivided lots in its definition of "purchaser," after having done so in other similar legislation, is considered with the provisions of § 20 of such Act, supra (Code Ann. § 84-6118) which section permits the purchaser to rescind the contract and "receive the sum of all money paid by him" or to maintain an action to recover actual damages incurred by such purchaser, and the provisions which exclude sales "by a purchaser of subdivided lands for his own account . . ." (Code Ann. § 84-6102 (a)), it cannot be said that the scheme of such legislation is such as to include subsequent purchasers of subdivided land within the ambit of such Act.

Accordingly, the judgment of the trial court overruling the motion to dismiss the complaint for failure to state a claim must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs specially. Hill, J., not participating.*

SUBMITTED MAY 5, 1975 — DECIDED MAY 20, 1975 — REHEARING DENIED JUNE 17, 1975.

*Hugh F. Newberry,* for appellant.
*John R. Garner, Jr.,* for appellee.